UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE MARIETTE MILLER, Individually and on Behalf of All Others Similarly Situated, as Class Representative,<br><br>Plaintiff,<br><br>against<br><br>AON CORPORATION and AON RISK SERVICES NORTHEAST, INC., formerly known as Aon Risk Services, Inc. of New York,<br><br>Defendants. | 08 CV 4510<br><br>Civil Action No. _____<br><br>**JUDGE KAPLAN**<br><br>**JURY TRIAL REQUESTED**<br><br> |

Plaintiff, DENISE MARIETTE MILLER, Individually and on behalf of all others similarly situated, as and for her Complaint, alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### CLASS ACTION COMPLAINT

**INTRODUCTION**

1. This is an individual action, as well as a proposed class action under F.R.C.P. 23(b) (1) and 23(b) (3), and a proposed collective action under 29 U.S.C. § 216(b), for money damages, liquidated damages, costs, injunctive relief and attorneys' fees and other relief as a result of Defendants' commonly applied policy and practice of designating Plaintiff and other similarly situated employees as exempt from overtime compensation, in violation of federal and state wage and hour laws.

–1–

2. Plaintiff brings this action in her individual capacity and as a class representative on behalf of all other similarly situated individuals, i.e., current and former employees who held the positions of Senior Claims Specialist, Client Specialist and Associate Specialist in Defendants' New York offices, under the collective action procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES**

3. Plaintiff, DENISE MARIETTE MILLER, is an individual presently residing in Arlington Heights, Illinois. At all relevant times, Plaintiff held the respective positions of Senior Claims Specialist, Client Specialist and Associate Specialist.

4. Plaintiff brings this action on behalf of herself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of the Defendants as described herein.

5. In addition, and in the alternative, Plaintiff bring this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

6. The class is defined as follows:

> All current and former employees of Defendants who were employed as Senior Claims Specialist, Client Specialist and Associate Specialist (hereinafter collectively "SPECIALISTS") in Defendants' New York offices, who worked at least one hour of overtime, and who were subject to Defendants' conduct of having designated them as exempt from overtime and thereby denying them overtime premiums for their overtime work.

7. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

8. Defendant, AON CORPORATION, ("AON") is a global provider of insurance brokerage services, insurance products, risk and insurance advice and consulting services. AON is incorporated in the State of Delaware and headquartered in the State of Illinois.

9. AON is duly licensed and actively transacts business within the State of New York and maintains multiple offices and facilities in the State of New York.

10. Defendant, AON RISK SERVICES NORTHEAST, INC., ("ARS") is a wholly owned subsidiary of AON and incorporated in the State of Arizona.

11. ARS is duly licensed and actively transacts business within the State of New York and maintains an office at 199 Water Street, New York, New York 10038.

12. Defendants each transact business in all fifty states, including New York. Defendants are employers engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

## JURISDICTION

13. The United States District Court for the Southern District of New York has subject matter jurisdiction over this suit under the provisions of 28 U.S.C.§ 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C.§ 216(b).

14. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) under the doctrine of supplemental jurisdiction.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (c), because the Defendants may be found in this district and the challenged conduct occurred in this state and District.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

16. Plaintiff sues on behalf of herself and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action. Plaintiff and the putative class are similarly situated in that they are all subject to

Defendants' common plan or practice of designating their work as SPECIALISTS as exempt work, when in fact it is non-exempt work under the law.

17. As to Plaintiff's claims for money damages pursuant to New York Labor Law § 198 and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142, Plaintiff sues on behalf of herself and all other members of the above-defined class. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met:

> 3(a) (1). The class is so numerous that joinder of all members is impractical. Upon information and belief, there are approximately two hundred (200) SPECIALISTS who have worked for Defendants in New York. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that hundreds of putative class members have worked for the Defendants without appropriate overtime pay;
>
> 23(a) (2). There are questions of law and fact common to the class, including whether or not the putative class members worked overtime but were not paid overtime in violation of federal and state laws.
>
> 23(a) (3). The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendant. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class;
>
> 23(a) (4). The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.
>
> 23(b) (3). Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

18. As to Plaintiff's claims for injunctive relief, pursuant to applicable New York wage and hour laws and regulations. Plaintiff sues on behalf of herself and all other members of the above-

defined class. Class certification for these New York law claims is appropriate under Rule 23(a) for the reasons set forth in Paragraph 15 above. Class Certification for these claims also is appropriate under Rule 23(b) (1) because all the requirements of the Rule are met, in that Defendant has acted on grounds generally applicable to the class when it classified the positions of SPECIALISTS as exempt positions, so that it is appropriate to issue final injunctive relief to the class as a whole.

**FACTUAL ALLEGATIONS**

19. Each Defendant sued herein is an enterprise engaged in commerce or in the production of goods for commerce and has an annual gross volume of business in excess of $500,000.

20. At all relevant times, Defendants have been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) and applicable New York wage and hour laws and regulations. Defendants, either directly or indirectly have hired Plaintiff and other employees; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding her employment.

21. Upon information and belief, Defendants did not post a notice explaining the overtime pay rights provided by FLSA in any area where Plaintiff was employed, in violation of the FLSA.

22. Plaintiff was employed by Defendants as a SPECIALIST with duties and whose responsibilities included processing, documenting, filing and confirming third party documentation in accordance with standardized and integrated corporate protocols and processes in connection with the issuance, premium invoicing, and servicing of clients with policies of insurance.

23. Plaintiff was required to work well over 40 hours per week. Plaintiff and all other employees similarly situated, were not paid any overtime wages by Defendants, for hours worked during the week in excess of 40 hours.

24. Defendants willfully, intentionally and knowingly treated Plaintiff and all other similarly situated employees as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.

25. Defendants willfully, intentionally and knowingly treated Plaintiff and all other similarly situated employees as exempt from the overtime wage requirements of applicable New York State wage and hour laws and regulations.

26. Plaintiff and all other similarly situated employees of Defendants did not qualify as exempt employees, as defined by the applicable Federal and State regulations.

27. Defendants' failure to pay overtime compensation, as alleged herein, in violation of federal and state law, has been willful, arbitrary, unreasonable and/or in bad faith.

**COUNT ONE**     **INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

28. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27" as if fully set forth herein.

29. Based on the foregoing, Defendants' conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiff to compensation for all overtime hours worked, liquidated damages, attorney's fees and court costs.

**COUNT TWO**     **COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(B) FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER**

30. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27" and "29" inclusive, as if fully set forth herein.

31. Based on the foregoing, Defendants' conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles all similarly situated Plaintiffs who join this litigation to compensation for all overtime hours worked, liquidated damages, attorney's fees and court costs.

### COUNT THREE    INDIVIDUAL CLAIM FOR VIOLATION OF STATE WAGE AND HOUR LAWS

32. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27," "29" and "31" inclusive, as if fully set forth herein.

33. Based upon the foregoing, Defendant's conduct in this regard was a violation of applicable New York State wage and hour laws and regulations and entitles Plaintiff to compensation for all overtime hours worked, interest and court costs.

34. Defendants' conduct in failing to pay Plaintiff her earned overtime premium was unreasonable, arbitrary and/or in bad faith, in that Defendants, by their agents, servants and/or employees knew or should have known that Plaintiff was entitled to be paid for her overtime but failed to do so. Accordingly, Plaintiff is entitled to compensation for all overtime hours worked, attorneys fees, and court costs.

### COUNT FOUR    CLASS ACTION CLAIM UNDER F.R.C.P. 23(B) (3) FOR VIOLATION OF STATE WAGE AND HOUR LAWS AND CLAIM FOR DAMAGES (ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER)

35. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27," "29," "31," and "33" through "34"inclusive, as if fully set forth herein.

36. Based on the foregoing, Defendants' conduct in this regard was a violation of the wage and hour laws and regulations of the State of New York and entitles Plaintiff and all other similarly situated employees, current or former, to compensation for all overtime hours worked, attorney's fees and court costs.

**COUNT FIVE**   **CLASS ACTION CLAIM UNDER F.R.C.P. 23(B) (1) FOR VIOLATION OF STATE WAGE AND HOUR LAWS AND CLAIM FOR INJUNCTIVE RELIEF ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER**

37. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27," "29," "31," "33" through "34" and "36" inclusive, as if fully set forth herein.

38. Based upon the foregoing, Defendants' policy of not paying overtime premiums to its SPECIALISTS was a violation of the wage and hour laws of the various states in which Plaintiffs worked and was based on a policy of general application and entitles Plaintiffs to an injunction requiring Defendants to pay all SPECIALISTS overtime premiums for their overtime hours, attorney's fees and court costs.

**PRAYER FOR RELIEF:**

   **WHEREFORE**, Plaintiff and the Class she represents pray for declaratory and injunctive relief and damages as follows:

(a) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*; and N.Y. Labor Law §198 *et. seq.,* and attendant regulations at N.Y.C.R.R. §142-3.1 *et. seq.*

(b) A permanent injunction enjoining Defendants from continuing their illegal practices in violation of federal and state wage and hour laws applicable to overtime compensation.

(c)  Judgment for unpaid overtime compensation to which Plaintiff and other Class Members are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*; N.Y. Labor Law §198 *et. seq.*, and attendant regulations at N.Y.C.R.R. §142-3.1 *et. seq.*

(c)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*, in an amount equal to the unpaid wages and overtime pay to which Plaintiffs and other collective Class Members are lawfully entitled, but which were intentionally and wrongfully withheld by Defendants.

(d)  An order directing Defendants to pay Plaintiffs their reasonable attorney's fees and all costs connected with this action.

(e)  Such other and further relief as this Court may deem just and proper.

Dated:  May 14, 2008

BLAU, BROWN & LEONARD, LLC

By: /s/ Steven Bennett Blau
Steven Bennett Blau (sb4063)
Shelly A. Leonard    (sl4139)
54 West 21st Street, Suite 1009
New York, NY  10010
Tel:  (212) 725-7272
Fax:  (212) 488-4848


Matthew Armstrong, Esq.
Schlicter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
Tel:  (314) 621-6115
Fax:  (314) 621-7151

*Attorneys for Plaintiff and the Class*