UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUL 03 2008

DENISE MARIETTE MILLER, WENDY
CEASAR, ANGELA BALDWIN,
MEAUX CRAIG and JANET HOLMES,
Individually and on Behalf of All Others
Similarly Situated, as Class Representatives,

          Plaintiffs,

against

AON RISK SERVICES COMPANIES, INC.;
and AON SERVICES NORTHEAST, INC.
formerly known as Aon Risk Services, Inc.
of New York,

          Defendants.

Civil Action No. 08-CV-4510 (LAK)

**SECOND AMENDED COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs, DENISE MARIETTE MILLER, WENDY CEASAR, ANGELA BALDWIN, MEAUX CRAIG and JANET HOLMES, Individually and on behalf of all others similarly situated, as and for their Second Amended Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1.    This is an individual action, as well as a proposed class action under F.R.C.P. 23(b)(1) and 23(b)(3), and a proposed collective action under 29 U.S.C. § 216(b), for money damages, liquidated damages, costs, injunctive relief and attorneys' fees and other relief as a result of Defendants' commonly applied policy and practice of designating Plaintiffs and other similarly

-1-

situated employees as exempt from overtime compensation, in violation of federal and New York State wage and hour laws.

2. Plaintiffs bring this action in their individual capacities and as a Class representatives on behalf of all other similarly situated individuals, i.e., current and former employees who held the positions of Senior Claims Specialist, Client Specialist, Associate Specialist and Broker in Defendants' New York offices, under the collective action procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES**

3. Plaintiff, DENISE MARIETTE MILLER, is an individual presently residing in Yonkers, New York. At all relevant times, this Plaintiff held the respective positions of Senior Claims Specialist, Client Specialist and Associate Specialist.

4. Plaintiff, WENDY CEASAR, is an individual presently residing in Brooklyn, New York. At all relevant times, this Plaintiff held the respective positions of Client Specialist and Senior Claim Specialist.

5. Plaintiff, ANGELA BALDWIN, is an individual presently residing in Brooklyn, New York. At all relevant times, this Plaintiff held the position of Broker.

6. Plaintiff, MEAUX CRAIG, is an individual presently residing in Brooklyn, New York. At all relevant times, this Plaintiff held the position of Senior Claim Specialist.

7. Plaintiff, JANET HOLMES, is an individual presently residing in Corona, New York. At all relevant times, this Plaintiff held the position of Client Specialist.

8. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of the Defendants as described herein.

9. In addition, and in the alternative, Plaintiff bring this action in their individual and personal capacities, separate and apart from the Class claims set forth herein.

10. The Class is defined as follows:

> All current and former employees of Defendants who were employed as Senior Claims Specialist, Client Specialist, Associate Specialist and Broker in Defendants' New York offices, who worked at least one hour of overtime, and who were subject to Defendants' conduct of having designated them as exempt from overtime and thereby denied them overtime premiums for their overtime work. (Hereinafter the "Class")

11. Plaintiffs reserve the right to amend said Class definition consistent with information obtained through discovery.

12. Defendant, AON RISK SERVICES COMPANIES, INC. ("AON") is the retail brokerage and risk management unit/subsidiary of Aon Corporation, a global provider of insurance brokerage services, insurance products, risk and insurance advice and consulting services.

13. AON is incorporated in the State of Delaware and headquartered in the State of Illinois.

14. AON actively transacts business within the State of New York and maintains multiple offices and facilities in the State of New York.

15. Defendant, AON RISK SERVICES NORTHEAST, INC., ("ARS") is a wholly owned subsidiary of AON and incorporated in the State of New York.

16. ARS is duly licensed and actively transacts business within the State of New York and maintains an office at 199 Water Street, New York, New York 10038.

17. Defendants each transact business in all fifty states, including New York. Defendants are employers engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

**JURISDICTION**

18. The United States District Court for the Southern District of New York has subject matter jurisdiction over this suit under the provisions of 28 U.S.C.§ 1331 because it raises federal questions under the Federal Fair Labor Standards Act, 29 U.S.C.§ 216(b).

19. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) under the doctrine of supplemental jurisdiction.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (c), because the Defendants may be found in this district and the challenged conduct occurred in this State.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

21. Plaintiffs sue on behalf of themselves and those members of the above-defined Class who have filed or will file with the Court, their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action. Plaintiffs and the putative Class are similarly situated in that they are all subject to Defendants' common plan or practice of designating their work as exempt work, when in fact it is/was non-exempt work under applicable federal and state law.

22. As to Plaintiffs' claims for money damages pursuant to New York Labor Law § 198 and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142, Plaintiffs sue on behalf of themselves and all other members of the above-defined Class. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met:

23(a)(1). The Class is so numerous that joinder of all members is impractical. Upon information and belief, there are approximately three hundred (300) Class members who have worked for Defendants in New York. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe that hundreds of putative Class members have worked for the Defendants without appropriate overtime pay;

23(a)(2). There are questions of law and fact common to the Class, including whether or not the putative Class members worked overtime but were not paid overtime in violation of federal and state laws.

23(a)(3). The named Plaintiffs' claims are typical of those of the Class members. Plaintiffs' claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiffs' legal claims are based on the same legal theories as the claims of the putative Class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiffs and to the Class;

23(a)(4). The named Plaintiffs will fairly and adequately protect the interests of the Class. The Plaintiffs' claims are not antagonistic to those of the putative Class and they have hired counsel skilled in the prosecution of Class actions.

23(b)(3). Common questions of law and fact predominate over questions affecting only individuals, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy. To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

23. With respect to the prayer for injunctive relief, pursuant to applicable New York wage and hour laws and regulations, Plaintiffs sue on behalf of themselves and all other members of the above-defined Class. Class certification in connection with all New York law claims is appropriate under Rule 23(a) for the reasons set forth in Paragraph 21 above.

24. Class Certification for these claims is also appropriate under Rule 23(b)(1) because all the requirements of the Rule are met, in that Defendants have acted on grounds generally

-5-

applicable to the Class when it classified the jobs in controversy as exempt positions, so that it is appropriate to issue final injunctive relief to the Class as a whole.

## FACTUAL ALLEGATIONS

25. Each Defendant sued herein is an enterprise engaged in commerce or in the production of goods for commerce and has an annual gross volume of business in excess of $500,000.

26. At all relevant times, Defendants have been the "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and applicable New York wage and hour laws and regulations.

27. Defendants, either directly or indirectly have hired Plaintiffs and other members of the Classs; controlled Plaintiffs' work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

28. Upon information and belief, Defendants did not post a notice explaining the overtime pay rights provided by FLSA in any area where Plaintiffs were employed, in violation of the FLSA.

29. Plaintiffs and members of the Class were regularly required and did work well over 40 hours per week.

30. Plaintiffs and members of the Class were not paid any overtime wages by Defendants, for hours worked during the week in excess of 40 hours during the applicable statutory period.

31. Defendants willfully, intentionally and knowingly treated Plaintiffs and members of the Class as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.

32. Defendants willfully, intentionally and knowingly treated Plaintiffs and members of the Class as exempt from the overtime wage requirements of applicable New York State wage and hour laws and regulations.

33. Plaintiffs and members of the Class did not qualify as exempt employees, as defined by the applicable Federal and State regulations.

34. Defendants' failure to pay overtime compensation, as alleged herein, in violation of federal and state law, has been willful, arbitrary, unreasonable and/or in bad faith.

**COUNT ONE**        **INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

35. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "34" as if fully set forth herein.

36. Defendants' actions and conduct, as alleged herein, violated the Fair Labor Standards Act and entitle Plaintiffs to compensation for all overtime hours worked, liquidated damages, attorney's fees and court costs.

**COUNT TWO**        **COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(B) FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND MEMBERS OF THE CLASS**

37. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "34," and "36" inclusive, as if fully set forth herein.

38 Defendants' actions and conduct, as alleged herein, violated the Federal Fair Labor Standards Act and entitle all Class members who join this litigation, to recover compensation for all overtime hours worked, liquidated damages, attorney's fees and court costs.

**COUNT THREE**　**INDIVIDUAL CLAIMS FOR VIOLATION OF STATE WAGE AND HOUR LAWS**

39. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "34," "36" and "38" inclusive, as if fully set forth herein.

40. Defendants' actions, as alleged herein, violated applicable New York State wage and hour laws and regulations and entitle Plaintiffs to recover compensation for all overtime hours worked, interest and court costs, including reasonable attorney's fees.

41. Defendants' actions and conduct in failing to pay Plaintiffs their earned overtime premium was unreasonable, arbitrary and/or in bad faith, in that Defendants, by their agents, servants and/or employees knew or should have known that Plaintiffs were entitled to be paid for their earned overtime. Plaintiffs are entitled to recover compensation for all overtime hours worked, attorneys fees, and court costs.

**COUNT FOUR**　**CLASS ACTION UNDER F.R.C.P. 23(B) (3) ON BEHALF OF ALL MEMBERS OF THE CLASS FOR DAMAGES RESULTING FROM DEFENDANTS' VIOLATION OF NEW YORK STATE WAGE AND HOUR LAWS**

42. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "34," "36," "38," and "40" through "41" inclusive, as if fully set forth herein.

43. Defendants' actions and conduct, as alleged herein, violated applicable New York State wage and hour laws and regulations and entitle Plaintiffs and all members of the Class to recover compensation for all overtime hours worked, attorney's fees and court costs.

**COUNT FIVE**　**CLASS ACTION CLAIM UNDER F.R.C.P. 23(B) (1) FOR INJUNCTIVE RELIEF ON BEHALF OF ALL CLASS MEMBERS ENJOINING DEFENDANTS FROM THEIR CONTINUED VIOLATION OF NEW YORK STATE WAGE AND HOUR LAWS**

44. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "34," "36," "38," "40" through "41" and "43" inclusive, as if fully set forth herein.

45. Defendants' policy of not paying overtime premiums to Plaintiffs and members of the Class was a violation of the wage and hour laws of the various states in which Defendants conduct business and was based on a policy of general application and entitles Plaintiffs and members of the Class to an injunction requiring Defendants to pay Plaintiffs and all members of the Class, overtime premiums for their overtime hours, attorney's fees and court costs.

**PRAYER FOR RELIEF:**

**WHEREFORE,** Plaintiffs and the Class they represent pray for declaratory and injunctive relief and damages as follows:

(a) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*; and N.Y. Labor Law §198 et. *seq.*, and attendant regulations at N.Y.C.R.R. §142-3.1 *et. seq.*

(b) A permanent injunction enjoining Defendants from continuing their illegal practices in violation of federal and state wage and hour laws applicable to overtime compensation.

(c) Judgment for unpaid overtime compensation to which Plaintiff and other Class Members are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*; N.Y. Labor Law §198 *et. seq.*, and attendant regulations at N.Y.C.R.R. §142-3.1 *et. seq.*

(c) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*, in an amount equal to the unpaid wages and overtime pay to which Plaintiffs and other collective Class Members are lawfully entitled, but which were intentionally and wrongfully withheld by Defendants.

(d) An order directing Defendants to pay Plaintiffs their reasonable attorney's fees and all costs connected with this action.

(e) Such other and further relief as this Court may deem just and proper.

Dated: July 3, 2008

BLAU BROWN & LEONARD, LLC

By: _____
Steven Bennett Blau (sb4063)
Shelly A. Leonard (sl4139)
54 West 21st Street, Suite 1009
New York, NY 10010
Tel: (212) 725-7272
Fax: (212) 488-4848


Matthew Armstrong, Esq.
Schlicter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-7151

*Attorneys for Plaintiffs and the Class*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
COUNTY OF NEW YORK      ) ss.:        Miller v. Aon Corporation, et. al. 08-CV-4510

I, Eric P. Moore, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside at Brooklyn, New York:

On July 3, 2008 I served the within **SECOND AMENDED COMPLAINT**

[X] **Service by Mail** — by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and official depository under the exclusive care and custody of the U.S. Postal Service within the New York State, addressed to each of the following persons at the last known address set forth after each name:

[ ] **Personal Served on Individual** — by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

[ ] **Service by Electronic Means** — by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after each name:

[ ] **Overnight** — by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of UNITED PARCEL SERVICE for overnight delivery, prior to the latest time designated by that service for overnight delivery.

TO:   LITTLER MENDELSON, PC
*Attorneys for Defendants*
*Grand Central Partnership, Inc.*
885 Third Avenue, 16th Floor
New York, New York 10022
(212)583-9600

_____
ERIC P. MOORE

Sworn to before me this
3 day of July, 2008.

_____
Notary Public

Julian Singer
Notary Public, State of New York
No. 02SI4782010
Qualified in New York County
Commission Expires Oct. 14, 2009