UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE MARIETTE MILLER, WENDY
CEASAR, ANGELA BALDWIN, MEAUX CRAIG
and JANET HOLMES, Individually and on Behalf
of All Others Similarly Situated, as Class
Representatives,

    Plaintiffs,

  -against-

AON RISK SERVICES COMPANIES, INC. and
AON RISK SERVICES NORTHEAST, INC.,
formerly known as Aon Risk Services Inc. of New
York.,

    Defendants.

08 CV 4510 (LAK)

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING A RULING ON THEIR MOTION TO TRANSFER OR, IN THE ALTERNATIVE, AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

---

                 LITTLER MENDELSON, P.C.
                 885 Third Avenue
                 New York, New York 10022-4834
                 (212) 583-9600

                 Attorneys for Defendant

Of Counsel:

  Andrew P. Marks (AM 0361)

I.  **INTRODUCTION**

Defendants Aon Risk Services Companies, Inc. ("ARSCI") and Aon Risk Services Northeast, Inc., formerly known as Aon Risk Services Inc. of New York ("ARSNI"), hereby move this Court for a general stay in this action pending the Judicial Panel on Multidistrict Litigation's ("MDL Panel") ruling on their Motion to Transfer Venue to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 ("MDL Motion"), which was filed on June 23, 2008 and is now fully briefed.  (A copy of Defendants' Motion was served on this Court and is attached hereto as **Exhibit 1**).  Specifically, Defendants request an extension of time to file their Answer or otherwise plead until seven (7) days after the Panel issues a ruling on the pending Motion to Transfer.

II.  **PROCEDURAL HISTORY**

On April 4, 2008, Angela J. Piersanti filed an action in the Northern District of Illinois (the "Illinois action") against her former employer, Aon Risk Services of Maryland, Inc. ("ARS of Maryland"), in which she alleges that she was misclassified as an exempt employee when employed as a Specialist by the Client Services Unit ("CSU") of Aon Client Services ("ACS") in Glenview, Illinois.  The Illinois action seeks to establish an opt-in class of former Associate Specialists, Specialists or Senior Specialists ("Specialists") pursuant to the collective action provisions of the Fair Labor Standards Act ("FLSA"), specifically § 216(b).

On May 15, 2008, Denise Mariette Miller filed this nearly identical action against ARSNI, in which she also alleges that she was misclassified as an exempt employee in a CSU located in New York and seeks to represent a statewide opt-in class of former Specialists pursuant to FLSA § 216(b).  On July 3, 2008, Plaintiff Miller filed a Second Amended Complaint ("Amended Complaint") in this action to add four additional Plaintiffs – Wendy

Ceasar, Angela Baldwin, Meaux Craig, and Janet Holmes - and to substitute ARSCI instead of "Aon Corporation" as a named Defendant.

To date, the Illinois action has progressed into the discovery phase, as the named Defendant has submitted its Answer and Affirmative Defenses, the parties have held a scheduling conference, attended the initial status before the Court, and the Defendant served written discovery requests, initial disclosures and a notice of deposition. There have been no discovery or pre-trial proceedings in this action to date.

On July 22, 2008, the Illinois Court issued a stay on that litigation pending the outcome of the MDL Motion. (A true and correct copy of the Court's Docket Entry is attached hereto as **Exhibit 2**).

The two pending actions have the potential to involve hundreds of plaintiffs, some of whom may "overlap," as the putative class members who worked in New York could be class members in both actions. Additionally, as detailed below, both the New York and Illinois CSU were subject to decisions and ultimately managed by the same senior management located in Illinois at all relevant times. Defendants seek transfer of these actions for coordinated and consolidated pretrial proceedings from the MDL Panel because it will further "the convenience of the parties and witnesses," as the plaintiffs will be deposing many of the same witnesses, obtaining many of the same corporate documents, and conducting largely duplicative discovery.

### III.   FACTS

As set forth above, the sole named Plaintiff in the Illinois action was employed as a Specialist by the CSU of ACS in Glenview, Illinois. Similarly, each of the Plaintiffs in this action were employed as Associate Specialists, Specialists or Senior Specialists ("the Specialist positions") by the ACS in New York. (*See* Declaration of Nazaro Propati in Support of Reply, at ¶¶ 4-10) (attached hereto as **Exhibit 3**; hereinafter "Propati Decl."). Prior to 2006, the New

York ACS, including the Client Services Unit ("CSU"), the Policy Maintenance Unit ("PMU") and Global Services Unit ("GSU") within the ACS, were subject to decisions and received ultimate management direction from ACS's senior management located in Illinois. (Propati Decl. ¶ 2).

In early 2006, the employees in the New York ACS, including the CSU, PMU and GSU, transferred from ARS of New York to ARS of Maryland, and continued to receive ultimate management direction from the ACS's senior management in Illinois. (Propati Decl. ¶ 3). The entire New York ACS, including the New York PMU and CSU, ceased operations on or about May 2007. (Propati Decl. ¶ 6).

The decision to classify as exempt all Specialists employed in both the New York and Illinois CSU, as well as the PMU and GSU, took place in Illinois. (Propati Decl. ¶ 11). Records regarding the day-to-day work activities of individuals in the various Specialist positions, their identity and pay, and the policies and practices applicable to Specialists who worked in both the New York and Illinois ACS locations, are maintained in Illinois. (Propati Decl. ¶ 12).

The newly named corporate Defendant, ARSCI, maintains its principal place of business and corporate headquarters in Chicago, Illinois, within the Northern District of Illinois. (Propati Decl. ¶ 13). Defendant ARSCI is the direct corporate parent of ARS of Maryland (the named Defendant in the Illinois action), which is the direct parent of ARS Northeast, Inc. (named in this action). (*Id.*).

IV. **ARGUMENT**

In the interest of justice, Defendants seek to stay all matters in this case, including the filing of its Answer or other responsive pleading, pending the resolution of Defendants' MDL Motion. Defendants' rationale for proposing a general stay is that the claims in the Northern District of Illinois and the claims in the action before this Court are nearly identical, involve

substantially similar Defendants, and much of the discovery in these actions will overlap. As Defendants argue in their motion before the Panel, this action should be transferred to the Northern District of Illinois for coordinated or consolidated pre-trial proceedings with the first-filed action in that Court. As mentioned above, the Illinois Court has issued a stay on that litigation pending the outcome of Defendants' MDL Motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Rosenfeld v. Ace Check Cashing, Inc., No. 88 Civ. 2153 (MJL), 88 Civ. 2252 (MJL), 1988 WL 49065 at *1 (S.D.N.Y. 1988) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The Court in Rosenfeld stated:

> We find that stays are warranted in these two actions to further the underlying purposes of multidistrict litigation: "to promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Cases are transferred and consolidated under § 1407 expressly for coordination of pretrial proceedings. The defendants would be enormously burdened if they were forced to submit answers, to answer interrogatories, to produce documents, and to reply to class certification and other motions separately . . . If these two cases are not stayed, the defendants certainly would be required to duplicate much work.

Rosenfeld, at *1.

Similarly, here, Defendants would be burdened by proceeding with litigation in this forum while at the same time arguing their motion before the MDL Panel, especially if they are forced to duplicate the same discovery and motion practice at a later date in the Illinois action. Moreover, no prejudice will come to Plaintiffs' claims while awaiting the MDL ruling. In fact, "[w]hile [Plaintiffs] may suffer some initial delay, once these cases are coordinated and the Defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than lost." Michael v. Warner-Lambert Co., 2003 U.S. Dist. LEXIS 21525, (S.D.

Cal. 2003). Accordingly, any delay that may occur while the Panel decides Defendants' Motion to Transfer is outweighed by "the disadvantages of litigating identical claims in a multitude of venues." <u>Weinke v. Microsoft Corp.</u>, 84 F. Supp. 2d 989 (E.D. Wis. 2000) ("The court concludes that in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results.").

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court stay the proceedings in this matter until after the MDL Panel issues its ruling on Defendants' pending Motion, and allow Defendants an extension of time until seven (7) days after the MDL Panel's ruling in which to file its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint. In the event that this Court does not grant the present motion to stay, Defendants respectfully request an extension of time to file their Answer or otherwise plead, until seven (7) days after this Court issues its ruling.

Date: July 31, 2008
New York, New York

Respectfully submitted,

_____
Andrew P. Marks (AM0361)
LITTLER MENDELSON
A Professional Corporation
885 Third Avenue
16th Floor
New York, NY 10022.4834
212.583.9600

Attorney for Defendants
AON RISK SERVICES COMPANIES, INC.
and AON RISK SERVICES NORTHEAST,
INC., formerly known as Aon Risk Services
Inc. of New York.

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Aon Wage and Hour Litigation    )
                                       )    MDL-_____
                                       )
                                       )

### DEFENDANTS' REVISED MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407

Defendants Aon Risk Services of Maryland, Inc., as the named Defendant in Case No. 1:08-cv-01952, pending before the United States District Court for the Northern District of Illinois (the "Illinois action"), and Aon Corporation, and Aon Risk Services Northeast, Inc., formerly known as Aon Risk Services, Inc. of New York, as the named Defendants in Case No. 1:08-cv-4510, pending before the United States District Court for the Southern District of New York (the "New York action"),[1] respectfully move this Panel, pursuant to 28 U.S.C. § 1407: (1) to transfer the New York action, as well as any other cases that may subsequently be filed asserting similar or related claims, to the Northern District of Illinois; and (2) consolidate those

---

[1]   A schedule of the pending related actions is attached hereto as Exhibit 1. The named Defendants in both cases will be referenced herein collectively as "Defendants." Any and all Defendants reserve the right to challenge whether they are properly named as Defendants in either action.

EXHIBIT 1

actions for coordinated pretrial proceedings. Defendants, in support of their motion for transfer and request for coordinated or consolidated pretrial proceedings, aver as follows:

1. The actions for which transfer and coordination or consolidation are proposed, are alleged to arise out of the same conduct and allege nearly identical claims. Each action is brought on behalf of current and former employees who are or were employed as salaried employees in Defendants' Client Services Units. Both actions allege that Defendants misclassified them as exempt employees under the Fair Labor Standards Act.

2. The centralization of the actions in a single judicial district for coordinated or consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of the parties and witnesses, and will promote the interests of justice. The actions listed in the Schedule of Related Actions (submitted herewith as Exhibit 3 to Defendants' supporting memorandum) are premised on similar factual allegations and therefore may involve one or more common question of fact.

3. Consolidation of the actions before a single court will conserve judicial resources, reduce the costs of litigation, prevent potentially inconsistent pretrial rulings, eliminate what would otherwise be duplicative discovery, and permit the cases to proceed to trial more efficiently.

4. The Northern District of Illinois is a convenient forum for all parties and is best suited to preside over the consolidated or coordinated pretrial proceedings of these actions. The named Plaintiffs in each action both reside within the Northern District of Illinois, as do the key decision makers with regard to the issues in these cases. The Illinois action is already in the discovery phase, as the parties have appeared on the initial discovery status, the named

Defendant has served discovery requests, initial disclosures and a notice of deposition on Plaintiff, and the named Defendant has timely filed its Answer and Affirmative Defenses.

5.  Defendants' Motion is based on the accompanying memorandum of law, the filed pleadings and papers and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

Wherefore, Defendants respectfully request that the Panel order that the actions pending in the Southern District of New York and the Northern District of Illinois, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

*Jody A. Boquist*
Jody A. Boquist
Littler Mendelson, P.C.
200 North LaSalle, Suite 2900
Phone: (312) 372-5520
Facsimile: (312) 372-7880

Counsel for Defendants: Aon Risk Services of Maryland, Inc., Aon Corporation, and Aon Risk Services Northeast, Inc., formerly known as Aon Risk Services, Inc. of New York

## CERTIFICATE OF SERVICE

I do hereby certify that I caused the above and foregoing Defendants' Revised Motion For Transfer Of Actions To The Northern District Of Illinois Pursuant To 28 U.S.C. § 1407 to be delivered via overnight Federal Express on June 26, 2008 upon the following, for filing on June 27, 2008:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 2002-8004

Defendants' Revised Motion For Transfer Of Actions To The Northern District Of Illinois Pursuant To 28 U.S.C. § 1407 via First Class Mail on June 26, 2008, upon each of the following:

Clerk, Southern District of New York
Foley Square Courthouse
500 Pearl Street
New York, NY 10007-1312

Clerk, Northern District of Illinois
Eastern Division
Everett McKinley Dirksen United
States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Steven Bennett Blau
Blau, Brown & Leonard, LLC
54 West 21st Street, Suite 1009
New York, NY 10010
One of the Attorneys for Plaintiff Miller

Shelly A. Leonard
Blau, Brown & Leonard, LLC
54 West 21st Street, Suite 1009
New York, NY 10010
One of the Attorneys for Plaintiff Miller

Matthew Armstrong
Schlicter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
One of the Attorneys for Plaintiff Miller

John W. Billhorn
Billhorn Law Firm
515 N. State Street, Suite 2200
Chicago, IL 60610
Attorney for Plaintiff Piersanti

_____
Jody A. Boquist

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
Eastern Division

Angela J. Piersanti

Plaintiff,

v.

Aon Risk Services, Inc.

Defendant.

Case No.: 1:08−cv−01952
Honorable Charles P. Kocoras

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 22, 2008:

MINUTE entry before the Honorable Charles P. Kocoras:Status hearing held on 7/22/2008. Status hearing continued generally pending decision from the U.S. Judicial Panel on Multidistrict Litigation.Mailed notice(sct, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

EXHIBIT 2

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Aon Wage and Hour Litigation   )
                                      )    MDL Case No. 1981
                                      )
                                      )

## Declaration of Nazaro Propati in Support of Reply

1. I have been employed as a Managing Principal of Aon Client Services ("ACS") in Glenview, Illinois since November 2006. In this capacity, I ultimately managed the Client Service Unit ("CSU") and Policy Maintenance Unit ("PMU"), which were part of ACS operations in both the Illinois and New York ACS locations. I also ultimately managed the ACS's Global Services Unit ("GSU") until January 2007.

2. The New York ACS, including the CSU, PMU and GSU within the ACS, were subject to decisions and received ultimate management direction from ACS's senior management located in Illinois prior to 2006.

3. In early 2006, the employees in the New York ACS, including the CSU, PMU and Global Services Unit, transferred from ARS of New York to ARS of Maryland, and continued to receive ultimate management direction from the ACS' senior management in Illinois.

4. As Managing Principal, I have access to personnel records and related information regarding the employment history and job activities of Angela Piersanti, Denise Mariette Miller, Wendy Ceasar, Angela Baldwin, Maurice (Meaux) Craig, and Janet Holmes, and historical information regarding the management and structures of the CSU, PMU and GSU.

5. The PMU within the ACS, which is at issue in the New York action, employed Janet Holmes, Wendy Ceasar and Maurice (Meaux) Craig. The GSU within the ACS, employed Angela Baldwin. Denise Mariette Miller and Angela Piersanti were employed by the CSU.

6. In January 2007, the ACS's GSU transferred to ARS of New York. The New York ACS, including the New York PMU and CSU, ceased operations on or about May 2007.

7. Angela Baldwin was employed by the New York ACS as a Senior Specialist in the GSU until January 2007. In January 2007 she was transferred to ARS of New York, and her position was eliminated in June 2007. At no time did Ms. Baldwin hold the position of "broker" while in the ACS.

EXHIBIT 3

8. Janet Holmes was employed as a Specialist for the PMU in the New York ACS until April 2007, when her position was eliminated.

9. Wendy Ceasar was similarly employed as a Specialist and Senior Specialist for the PMU in the New York ACS until April 2007, when her position was eliminated.

10. Maurice (Meaux) Craig was employed as a Senior Specialist for the PMU in the New York ACS until February 2004, at which time he transferred into the position of Associate Production Specialist. His employment was separated in July 2006.

11. The decision to classify as exempt Associates, Specialists and Senior Specialists employed in both the New York and Illinois CSU, as well as the PMU and GSU, took place in Illinois.

12. Records regarding the day-to-day work activities of individuals in the various Specialist positions, their identity and pay, and the policies and practices applicable to ACS employees who worked in both the New York and Illinois ACS locations, are maintained in Illinois.

13. It is my understanding that the principal place of business and corporate headquarters for Aon Risk Services Companies, Inc. ("ARSCI"), a named Defendant in the New York action, is located in Chicago, Illinois, within the Northern District of Illinois. ARSCI is the direct parent company of ARS of Maryland. ARS of Maryland is the direct parent company of Aon Risk Services Northeast, Inc.

14. I declare under penalty of perjury that the foregoing is true and correct and that I would so testify if called upon to do so.

Date: July 28, 2008

Nazaro Propati